# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

KENNETH WATKINS,                )
                                )
    Petitioner,              )
                                )
v.                              )    Case No. 4:12-CV-2393 NAB
                                )
RONDA J. PASH,                  )
                                )
    Respondent.              )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Kenneth Watkins' (Watkins) Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] Respondent Ronda J. Pash filed a response. [Doc. 15.] Watkins filed a Reply Memorandum. [Doc. 27.] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [Doc. 11.] For the reasons set forth below, Watkins' petition for writ of habeas corpus will be denied.

## I.  Background

Watkins was convicted of robbery in the first degree and armed criminal action. (Resp't Ex. B at 70-71.) Watkins was tried in this matter twice. The first trial in August 2007 ended in a mistrial. (Resp't Ex. B at 46.) At the second trial in January 2008, a jury found Watkins guilty. (Resp't Ex. B at 70-71.) The evidence presented at the second trial, viewed in the light most favorable to the jury's verdict, was presented as follows[1]: The victim, LaShonda Phillips sat in her car at a gas station. Watkins then tapped on her window with a gun and demanded money.

---

[1] These facts are taken directly from the Supplemental Memorandum accompanying the Missouri Court of Appeals decision in Watkins' direct appeal. *See* Resp't Ex. E. A state court's determination of a factual issue made by a State court shall be presumed to be correct. 28 U.S.C. § 2254.

Watkins then ordered her out the car. When Phillips exited the car, Watkins got in the car and sped away. Ms. Phillips entered the gas station and called the police.

A few days later, Officer Ronald Mueller saw Phillips' car and recognized it as a car listed on the "hotsheet," a list of stolen cars. Officer Mueller pulled the car over, at which point Watkins exited the car and began walking toward Officer Mueller carrying a white plastic bag and a black bag. Officer Mueller ordered him to stop and Watkins began to run. Watkins was taken into custody shortly thereafter. Phillips' car keys were found in Watkins' front pocket, the white bag contained Phillips' car stereo, and the black bag contained a gun.

A few hours after the car was recovered, Phillips went to the police station and identified Watkins in a lineup. Phillips also identified the gun, Watkins' hoodie and baseball cap, and her car stereo. Watkins received a thirty year sentence for first degree robbery, which was run concurrently to his sentence of ten years for the armed criminal action charge. Watkins filed a direct appeal, which was denied by the Missouri Court of Appeals. Watkins then filed a motion to vacate, set aside, and correct sentence. The post-conviction motion court denied Watkins' post-conviction motion and that denial was affirmed by the Missouri Court of Appeals.

## II.    Standard of Review

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law. Judges must be vigilant and independent in reviewing petitions for the writ, a commitment that entails substantial judicial resources." *Harrington v. Richter*, 562 U.S. 86, 91 (2011). "In general, if a convicted state criminal defendant can show a federal habeas court that his conviction rests upon a violation of the Federal Constitution, he may well obtain a writ of habeas corpus that requires a new trial, a new sentence, or release." *Trevino v. Thaler*, 133 S.Ct. 1911, 1917 (2013). The Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C.

§ 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). In conducting habeas review pursuant to 28 U.S.C. § 2254, a federal court is limited to deciding whether a claim that was adjudicated on the merits in state court proceedings (1) resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings." 28 U.S.C. § 2254(d). A determination of a factual issue made by a state court is presumed to be correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

For purposes of § 2254(d)(1), the phrase "clearly established federal law refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). "In other words, clearly established federal law under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.* To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent which he thinks the state courts acted contrary to or unreasonably applied. *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir. 2006).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent if it correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case. *Id.* (citing *Williams*, 529 U.S. at 407–408). "A federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable." *Penry*, 532 U.S. at 793. "A state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Evanstad v. Carlson*, 470 F.3d 777, 782 (8th Cir. 2006). A "readiness to attribute error is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). AEDPA's highly deferential standard demands that state court decisions be given the benefit of the doubt. *Id.*

## III.  Discussion

Watkins presents eight claims for review. First, Watkins asserts that the trial court erred in denying his motion to suppress evidence due to an illegal arrest, because he was arrested by City of St. Louis police officers outside of their jurisdiction. Next, Watkins contends that he conviction was procured through perjured testimony from Phillips. Then, Watkins states that the prosecutor suppressed *Brady* material. Finally, Watkins presents five ineffective assistance of counsel claims. Watkins contends that his trial counsel failed to (1) properly present the issue of St. Louis police officers assaulting him, (2) argue the issue of an unlawful arrest, because the arresting officers were outside of their jurisdiction, (3) impeach Phillips with inconsistent deposition testimony, and (4) impeach Officer Mueller concerning the observations leading to Watkins' arrest. Watkins asserts that appellate post-conviction counsel was ineffective for

failing to raise a strong claim of trial court error that would have likely prevailed on appeal. The Respondent contends that Watkins has procedurally defaulted seven of the eight claims and the petition should be denied.

### A.     Ineffective Assistance of Counsel

#### 1.     Ineffective Assistance of Counsel Standard

"The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "An accused is entitled to be assisted by an attorney, whether retained or appointed who plays the role necessary to ensure that the trial is fair." *Id.* To succeed in a claim "that counsel's assistance was so defective as to require reversal of a conviction," a petitioner must establish (1) that the trial counsel's performance fell below an objective standard of reasonableness and (2) that this deficient performance prejudiced the Petitioner's defense. *Strickland*, 466 U.S. at 687-88.

The "performance" component of *Strickland* requires a showing that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. To satisfy this prong, a petitioner must first identify the specific acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id.* at 690. The court must then examine the totality of the circumstances in order to determine whether "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* In making this determination, the court should recognize that trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* "Miscues and omissions are inevitable in any case

and there is no such thing as a perfect trial." *Medearis v. U.S.*, 469 F.Supp.779, 785 (D.S.D. 2006).

To satisfy the "prejudice" component of *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Such "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In determining whether prejudice exists, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.* at 695. Further, the court "should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge and jury acted according to the law." *Id.* at 694.

It is important to note that "there is no reason for a court deciding an ineffective assistance claim to approach the [two-pronged] inquiry in [a pre-determined] order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. It is unnecessary, therefore, to prove that counsel's performance fell below an objective standard of reasonableness before determining the presence or absence of resulting prejudice.

"Taken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (citing *Cullen v. Pinholster*, 563 U.S. 170) (2011)). "First, under *Strickland*, the state court must make a predictive judgment about the effect of the alleged deficiencies of counsel on the outcome of the trial, focusing on whether it is reasonably likely that the result would have been different absent the errors." *Williams*, 695 F.3d at 831 (citing *Strickland*, 466 U.S. at 696)). "To satisfy Strickland, the likelihood of a different result must be substantial not just conceivable." *Id.* Second, under

AEDPA, the Court must give substantial deference to the state court's predictive judgment. *Id.* Therefore, "[s]o long as the state court's decision was not "contrary to" clearly established federal law, the remaining question under the "unreasonable application" clause of § 2254(d) is "whether the state court's determination under the *Strickland* standard is unreasonable, not merely whether it is incorrect." *Id.* at 831 (*citing Harrington v. Richter*, 562 U.S. 86, 101 (2011)). This standard is difficult, and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington*, 562 U.S. at 102.

## 2. Ineffective Assistance of Trial Counsel (Ground Three)

Watkins contends that he was denied effective assistance of counsel, because his trial counsel failed to properly investigate, prepare, and argue the issue of his unlawful arrest. Watkins states that the City of St. Louis arresting officers were acting outside of their jurisdiction, because they arrested him in Pine Lawn, Missouri.

Watkins filed a Motion to Suppress Physical Evidence and Statements Relating to Defendant's Arrest and Memorandum in Support. (Resp't Ex. B at 49-53.) In his motion, Watkins stated that the physical evidence obtained during his arrest was obtained pursuant to an unlawful search and seizure, because the City of St. Louis police officers had no authority to act outside the city limits of their jurisdiction. The trial court took up the suppression motion with the trial. During the trial, Watkins' attorney did not object to the officers' testimony regarding the arrest. The trial court denied Watkins' motion at the end of trial. (Resp't Ex. J at 420.) Watkins filed an Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence pursuant to Rule 29.15 asserting that his trial counsel failed to object to, and preserve for appeal the issue of his unlawful arrest based on the fact that the arresting officers were acting outside of their jurisdiction. (Resp't Ex. F at 25-54.) The motion court denied Watkins' Motion. (Resp't

Ex. F at 66-69.) The Missouri Court of Appeals held that claims for post-conviction relief based on trial counsel's failure to adequately preserve issues for appeal are not cognizable under Rule 29.15. (Resp't Ex. I at 2.) Specifically, the court of appeals stated that "trial counsel's failure to preserve error for appellate review does not affect a movant's right to a fair trial." (Resp't Ex. I at 2.) The court of appeals found that because Watkins did not claim trial counsel's inaction affected the fairness of his trial, only the outcome of his appeal, the claim was not cognizable in a post-conviction setting. (Resp't Ex. I at 2-3.)

In this case, the pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. *Harrington*, 562 U.S. 86, 101. Based on current U.S. Supreme Court and Eighth Circuit precedent, the Court finds that the court of appeals' application of the *Strickland* standard was not unreasonable. In *Strickland*, the Supreme Court stated "the ultimate focus must be on the fundamental fairness of the proceeding whose result is being challenged." *Strickland*, 466 U.S. 668. In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court considered whether an attorney who failed to file a notice of appeal despite a request from the defendant to do so provided ineffective assistance of counsel. In *Flores-Ortega*, the Supreme Court held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Flores-Ortega*, 528 U.S. at 484. The Supreme Court also recognized that "counsel's alleged deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of the proceeding itself." *Id.* at 483.

It appears that *Flores-Ortega* would give credence to Watkins' claims. Despite the broad language contained in *Flores-Ortega*, however, in a case very similar to this one, the Eighth

Circuit decided that the petitioner was not entitled to relief. In *Kennedy v. Kemna*, 666 F.3d 472, 486 (8th Cir. 2012), the Eighth Circuit held that "[h]abeas relief is not warranted under § 2254(d) where, as here, fairminded jurists could disagree over whether the Missouri Court of Appeals' adjudication of [petitioner's] claims conflicts with *Strickland* or *Flores-Ortega*." In *Kennedy*, the Eighth Circuit opined there is no clearly established federal law based on Supreme Court precedent specifically addressing whether a federal court should examine the prejudice on appeal rather than at trial where an attorney fails to preserve an issue for review. *Id.* at 486. In a case decided before, *Kennedy*, this Court granted habeas relief to a petitioner whose attorney failed to preserve an issue on appeal. *See Shaw v. Dwyer*, 555 F.Supp.2d 1000 (E.D. Mo. 2008). But, the Court must follow Eighth Circuit law as it now stands. Based on currently binding 8th Circuit precedent, the Court finds that relief should be denied on this claim.

### B.   Procedurally Defaulted Claims

There is no dispute that Watkins has defaulted his seven remaining claims and these claims are barred from federal review. "Failure to raise a claim on appeal reduces the finality of appellate proceedings, deprives the appellate court of an opportunity to review trial error, and undercuts the State's ability to enforce its procedural rules." *Murray v. Carrier,* 477 U.S. 478, 491 (1986). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Watkins contends that his procedural default should be excused due to ineffective assistance of trial counsel, direct appellate counsel, and post-conviction appellate counsel, as well as on the basis of newly discovered evidence. Because Watkins has procedurally defaulted these claims, the court will review whether Watkins has shown cause and prejudice to excuse the default of his claims.

To overcome the default, a defendant must demonstrate either cause and actual prejudice as a result of the alleged violation of federal law, or demonstrate that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. 722 at 750. To show cause for the default, defendant must demonstrate that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. *Murray,* 477 U.S. at 488. For example, a defendant could demonstrate that the factual or legal basis for a claim was not reasonably available to counsel or some interference by officials made compliance impracticable. *Id* at 488. While ineffective assistance of counsel constitutes cause for a procedural default, the exhaustion doctrine generally requires that an ineffective assistance claim be presented to the state courts as an independent claim before it may be used to establish cause of a procedural default in federal habeas proceedings. *Id*. at 489. An ineffective assistance of counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted. *Edwards v. Carpenter,* 529 U.S. 446, 453 (2000). This procedural default may be excused if the prisoner can then satisfy the cause-and-prejudice standard with respect to that claim. *Id.*

Section 2254(i) provides that "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). The Supreme Court has recognized a limited exception to this rule. In *Martinez v. Ryan*, the Supreme Court held:

> Where under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial, if in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez v. Ryan,* 132 S.Ct. 1309, 1320 (2012). The Eighth Circuit has held that *Martinez* does not stand for the proposition that the failure to preserve claims on appeal from a post-conviction proceeding can constitute cause. *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (citing *Martinez*, 132 S.Ct. at 1320) (holding does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings).

Because, Watkins has defaulted these claims and Watkins is claiming that his default should be excused pursuant to *Martinez*, the Court will determine whether the claims have substantial merit that would excuse the default.

1. **Ineffective Assistance of Trial Counsel Claims (Grounds Two and Four)**

Watkins claims that his trial counsel was ineffective for failing to present his assault claim to the trial court and failing to impeach Phillips regarding inconsistencies with her deposition testimony, trial testimony, and information provided to the 911 operator. Although these claims are defaulted, Watkins states that he can establish cause and prejudice for the default, because he received ineffective assistance of post-conviction counsel who failed to include these claims in his Rule 29.15 post-conviction motion. These claims were included in Watkins' pro se Rule 29.15 motion, but not the amended Rule 29.15 motion filed by his appointed counsel.

Upon review of the record pursuant to *Martinez*, the Court finds that Watkins has not established that his post-conviction counsel was ineffective for failure to include the above ineffective assistance of trial counsel claims in the Rule 29.15 motion. To assert a claim under *Martinez*, Watkins must show that initial post-conviction counsel was ineffective in asserting a substantial claim of constitutionally ineffective assistance of trial counsel. *Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014). "A substantial ineffective assistance claim is one that has some

merit." *Dansby*, 766 F.3d at 834. The Court finds that these underlying ineffective assistance of trial counsel claims lack merit.

First, there was no evidence in the trial court record regarding the police assaulting Watkins. Counsel cannot be found ineffective for failing to assert claims not supported in the record[2]. There was no claim or allegation of an assault by police in the state court record below. The officers testified that one officer used a taser when Watkins resisted arrest, but nothing further was mentioned regarding any use of force. (Resp't Ex. J at 298-300, 333, 366.) In his initial pro-se Rule 29.15 motion, Watkins asserted that his trial counsel failed to investigate and present a police brutality claim to the court. (Resp't Ex. F at 7.) Watkins provides no details about any assault including who committed the assault, how he was assaulted, or when the assault took place. Therefore, the undersigned finds that this claim lacks substantial merit.

Second, Watkins' trial counsel questioned Phillips regarding the discrepancies between her deposition testimony, the 911 call, and trial testimony. (Resp't Ex. J at 256-59, 262.) "A failure to impeach constitutes ineffective assistance when there is a reasonable probability that, absent counsel's failure, the jury would have had reasonable doubt of the petitioner's guilt." *U.S. v. Orr*, 636 F.3d 944, 952 (8th Cir. 2011) (citing *Whitfield v. Bowersox*, 324 F.3d 1009, 1018 (8th Cir. 2003)). Even if there could have been a stronger impeachment during Phillips' cross-examination, there was no reasonable doubt of Watkins' guilt, because Watkins was stopped by the police after exiting Phillips' car while carrying Phillips' possessions. Watkins' trial counsel also filed a motion to suppress the identification made by Phillips in the line-up and any in court identification arising from the line-up (Resp't Ex. B at 24-26.) In this case, initial

---

[2] Watkins attached his trial counsel's "working notes" to his Petition. [Doc. 1 at 55-57.] In those notes, counsel wrote: "Client was beat up pretty good and in line up all beat up. Client said we took a picture of him at confined interviews." [Doc. 1 at 55.] There is no other mention of Watkins being beat up by the police. The line-up photographs were entered into evidence during the second trial. (Resp't Ex. J at 239.) Phillips testified regarding the line-up pictures. (Resp't Ex. J at 238-39.)

post-conviction counsel was not ineffective for failing to present claims that lack merit.  "The process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective advocacy."  *Smith v. Murray*, 477 U.S. 527, 536 (1986).  Therefore, the Court finds that post-conviction counsel was not ineffective for failing to present non-meritorious or unsupported claims in the amended 29.15 motion.  Based on the foregoing, the Court finds that grounds two and four lack substantial merit.  Accordingly, Watkins has failed to establish cause and prejudice to excuse the procedural default and the Court cannot review the ineffective assistance of trial counsel claims in Grounds two and four.

### 2.      Perjured Testimony (Ground Five)

Next, Watkins claims that his conviction was procured through perjured testimony from Phillips.  Watkins admits that this claim is defaulted and asserts that his default is excused, because he received ineffective assistance of initial post-conviction counsel who failed to include this claim in the amended Rule 29.15 motion.  Watkins claims that his counsel acknowledges that default of this claim was his fault.  [Doc. 27-1 at 29.]

"[A] conviction obtained by the knowing use of perjured testimony is fundamentally unfair and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury."  *U.S. v. Agurs*, 427 U.S. 97, 103 (1976).

> The principle that a State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction, implicit in any concept of ordered liberty, does not cease to apply merely because the false testimony goes only to the credibility of the witness.  The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence.

*Napue v. Illinois*, 360 U.S. 264, 269 (1959). A defendant must establish that (1) the testimony was in fact perjured and (2) the prosecuting officers knew, or should have known, of the perjury at the time the testimony was presented before the Court can apply the reasonable likelihood standard of *Agurs*. *United States v. Duke*, 50 F.3d 571, 577-78 (8th Cir. 1995).

Upon review of the record pursuant to *Martinez*, the Court finds that Watkins has not established that his post-conviction counsel was ineffective for failure to include this claim of perjured testimony in the amended Rule 29.15 motion. Watkins has not shown that his underlying claim of perjury has any merit. Watkins refers to inconsistences in Phillips' 911 call, deposition testimony, and trial testimony. As discussed previously and acknowledged by Watkins, his trial counsel questioned Phillips on these discrepancies during cross-examination. (Resp't Ex. J at 256-59, 262.) While Phillips' statements may not be entirely consistent, "mere inconsistency is not necessarily equated with perjury and every contradiction may not be material." *United States v. Nelson*, 970 F.2d 439, 443 (8th Cir. 1992). Watkins has not established that any of Phillips' statements were perjurious or that the government knew or should have known that any of Phillips' statements constituted perjury. Initial post-conviction counsel is not required to bring non-meritorious claims. *Smith*, 477 U.S. at 536. Therefore, Watkins has failed to establish ineffective assistance of initial post-conviction counsel as cause and prejudice to excuse the procedural default and the Court cannot review Watkins' claim of perjured testimony in Ground five.

The Court has reviewed the letter from Watkins' post-conviction counsel regarding his representation of Watkins in filing the amended Rule 29.15 motion. [Doc. 27-1 at 29-30.] Counsel's letter indicates that counsel disagrees with the Missouri Court of Appeals' decision not to review Watkins' "Fourth Amendment" claim. Watkins' counsel did not address the merits

of Watkins perjury claim except to mention that he did not include it in the amended Rule 29.15 motion. None of the information included in the letter supports granting relief on Ground five.

### 3. Trial Court Error in Denying Motion to Suppress (Ground One)

Next, Watkins contends that the trial court erred in denying his motion to suppress based on illegal arrest. Watkins contends that his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments were violated by the admission of this evidence. In this case, Watkins filed a motion to suppress evidence and statements relating to his arrest, asserting that the search and seizure were unlawful because the arresting officers stopped Watkins outside of their jurisdiction. (Resp't Ex. B at 49-53.) The trial court denied the motion. On direct appeal, Watkins' appeal counsel raised one issue- denial of his motion to suppress Phillips' line-up and in court identifications. (Resp't Ex. C.) Watkins contends that procedural default of this claim should be excused, because direct appeal counsel rendered ineffective assistance by failing to assert this claim on direct appeal. Watkins raised the issue of ineffective assistance of trial counsel for failure to raise this claim on post-conviction appellate review. (Resp't Ex. G.)

"In the habeas context, rules of evidence and trial procedure are usually matters of state law." *Bucklew v. Luebers*, 436 F.3d 1010, 1018 (8th Cir. 2006). "It is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. "A federal issue is raised only where trial errors infringe on a specific constitutional protection or are so prejudicial as to amount to a denial of due process." *Bucklew*, 436 F.3d at 1018. In making this determination, the federal habeas court "must review the totality of the facts in the case and analyze the fairness of the particular trial under consideration." *Hobbs v.*

*Lockhart*, 791 F.2d 125, 128 (8th Cir. 1986). "Rulings on the admission or exclusion of evidence in state trials rarely rise to the level of a federal constitutional violation." *Nebinger v. Ault*, 208 F.3d 695, 697 (8th Cir. 2000).

In this case, the trial court reviewed and the parties discussed state law regarding whether the St. Louis City police officers had legal authority to stop and arrest Watkins in Pine Lawn Missouri. (Resp't Ex. J at 414-20.) The trial court acknowledged that the law was unclear as to Watkins' case, but found that the officers' actions were justified and reasonable and denied the motion to suppress. (Resp't Ex. J at 417-20.) In *Stone v. Powell*, the U.S. Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell*, 428 U.S. 465, 494-495 (1976). A Fourth Amendment violation will only be reviewed if either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system. *Palmer v. Clarke*, 408 F.3d 423, 437 (8th Cir. 2005).

In this case, the State provided a corrective mechanism for any error made by the trial in admitting any evidence by allowing Watkins to appeal his convictions to the Missouri appellate courts. *Chavez v. Weber*, 497 F.3d 796, 802 (8th Cir. 2007). "A mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process." *Chavez*, 497 at 802. Moreover, "the federal courts on habeas review of such claims are not to consider whether full and fair litigation of the claims *in fact* occurred in the state courts, but only whether the state provided an opportunity for such litigation." *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994) (emphasis in original). The undersigned finds that

Watkins received an opportunity for full and fair litigation of his Fourth Amendment claims in state court and there is no evidence of any unconscionable breakdown in the state's review mechanism that would warrant habeas relief. Further, because the state courts based their decision on state law and the Court has not found a specific federal constitutional violation, Watkins claim lacks substantial merit. Because this claim does not have substantial merit, Watkins has failed to establish cause and prejudice for the default of this claim. Therefore, the Court declines to grant relief on Ground one.

### 4. Ineffective Assistance of Direct Appeal Counsel (Ground Six)

In his sixth ground for relief, Watkins contends that direct appeal counsel was ineffective for failure to raise the issue of trial court error in the denial of his motion to suppress during his direct appeal. The Sixth Amendment includes a guarantee to the right of effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Watkins must satisfy both prongs of the *Strickland* test to prevail on his claim of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 289 (2000). Therefore, Watkins must show that the appellate attorney's performance was below the reasonable standard of competence and that there is a reasonably probability that the result would have been different absent the attorney's deficient performance. *Gee v. Groose*, 110 F.3d 1346, 1352 (8th Cir. 1997). "Reasonable appellate strategy requires an attorney to limit the appeal to those issues counsel determines have the highest likelihood of success." *Gee*, 110 F.3d at 1352. "Importantly, if an issue an appellate attorney failed to raise on appeal is not meritorious, then appellate counsel cannot be considered ineffective for having failed to argue that meritless issue on appeal. *Kerns v. Bowersox*, No. 4:06-CV-1755 TCM, 2010 WL 1049841 at *13 (E.D. Mo. Mar. 18, 2010).

The Court has previously addressed Watkins' claim and found habeas review is foreclosed on this claim. *See supra* Section III.B.3. Because the claim lacks substantial merit, Watkins cannot establish ineffective assistance of counsel of appellate counsel for failure to raise this claim on direct appeal. Therefore, the Court will deny relief on Ground Six.

### 5. Newly Discovered Evidence (Grounds Seven and Eight)

Next, Watkins requests that the Court review grounds seven and eight based on newly discovered evidence. In ground seven, Watkins contends that he received ineffective assistance of counsel, because his trial counsel failed to impeach Officer Mueller regarding inconsistency with a radio dispatch recording at the time of Watkins' arrest and his trial testimony. In ground eight, Watkins states that the prosecution withheld evidence, i.e., the radio dispatch recording, and allowed Mueller to falsely testify. Watkins contends that the procedural default of these claims should be excused, because the radio dispatch recording is newly discovered evidence.

Watkins is not entitled to habeas relief on grounds seven and eight. First, the radio dispatches and 911 recordings are not newly discovered evidence. The 911 recording was played at trial for the jury. (Resp't Ex. J at 410.) The officers testified about the radio dispatch recordings. (Resp't Ex. J at 291-92, 331, 352, 358-61.) "Newly discovered evidence has a well-settled meaning: it is evidence which could not reasonably have been presented by the petitioner in the earlier proceeding." *Stephens v. Kemp*, 469 U.S. 1043, 1051 (1984). In short, it is evidence that was not available at the time that Watkins presented his claims to the state court. The 911 recording and radio dispatches do not constitute newly-discovered evidence in the case. Watkins has not shown that these recordings were unavailable to him or counsel at the time of his trial. Moreover, the existence of newly discovered evidence alone is not enough to establish cause for a defaulted claim.

Second, "claims of newly discovered evidence that relate only to the guilt or innocence of a state prisoner do not warrant federal habeas corpus relief." *Bowman v. Gammon*, 85 F.3d 1339, 1342 (8th Cir. 1996). "There must be an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). In ground seven, Watkins alleges ineffective assistance of trial counsel for failing to impeach Officer Mueller regarding whether he made inconsistent statements about his observations of Watkins immediately prior to his arrest. This claim lacks merit. Officer Mueller's testimony that he observed Watkins for several minutes does not contradict his alleged statements[3] to the police dispatcher during the observation that he had to circle back, at some point, because he was driving on a one-way street. His testimony and alleged comments on the dispatch tape regarding his observations of Watkins are not mutually exclusive. As stated previously, a failure to impeach constitutes ineffective assistance when there is a reasonable probability that, absent counsel's failure, the jury would have had reasonable doubt of the petitioner's guilt." *Orr*, 636 F.3d at 952. Officer Mueller's testimony and the alleged comments on the dispatch tape do not come close to casting reasonable doubt on Watkins' guilt. Because Watkins cannot establish ineffective assistance was the cause of his procedural default or that he was prejudiced by it, his procedural default on this claim cannot be excused.

In ground eight, Watkins contends that the prosecutor suppressed evidence and used testimony that she knew to be false, and as a result he was prejudiced. In *Brady v. Maryland*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 85,

---

[3] The Court does not have a copy of the dispatch recording or transcript. The Court is assuming that Watkins' transcript of the recording in his Petition is accurate. [Doc. 1 at 24.]

87 (1963). In this case, the Court finds that Watkins provides no support for a *Brady* violation regarding the transcript of the dispatch call. Second, it cannot be shown that the officers' testimony was "perjured" or that the government knew or should have known that any of Phillips' statements constituted perjury. Officer Mueller did not mention that he "circled" around in his trial testimony, but that does not make his testimony inconsistent. Further, a mere inconsistency in statements is not enough to support a perjury charge. It is not likely that the outcome of the case would have been different, because the victim identified Watkins in a line-up and he was arrested soon after being observed driving her car. When he was arrested, he had the victim's personal items in his possession. Therefore, Watkins has shown no prejudice from the radio dispatch tapes not being produced at trial. Because Watkins has failed to establish cause and prejudice for the default of Grounds seven and eight, habeas relief on these claims will be denied.

IV.     **Conclusion**

Based on the foregoing, the Court finds that Watkins' request for relief pursuant to 28 U.S.C. § 2254 should be denied. The Court finds that the state court's findings and conclusions regarding Watkins' claims were not contrary to, nor do they involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, nor did they result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Further, because Watkins has made no showing of a denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.  [Doc. 1.]

**IT IS FURTHER ORDERED** that a separate judgment will be entered this same date.

**IT IS FURTHER ORDERED** that, for the reasons stated herein, any motion by Kenneth Watkins for a Certificate of Appealability will be **DENIED**.

Dated this 26th day of May, 2016.

_____/s/ Nannette A. Baker_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE